and Melvin Butler. The appellants request remand for the district court to reconsider their weighing the 3553 factors. To turn to jurisdiction, this court has jurisdiction over these claims under section 1291 because the denial of the sentence reduction motions was a final order of the court and section 1291 gives jurisdiction over any final orders. Of course we understand that if this court used the denial as an actual sentence, as some courts have described such denials, this court has also ruled that jurisdiction would lie under section 3742. This court does have jurisdiction under section 3742, specifically 3742A3 because the sentences the defendants have are greater than the applicable guideline range. We believe that Melvin Butler's sentence is 405 months and his applicable guideline range is 262 to 327 months and James Jones' sentence is 393 months and his applicable guideline range is the same, 262 months to look any further than section A3 for jurisdiction in this case and can decide the reasonableness of the district judge's decision to deny the sentence reduction motions. But even under... Does it automatically follow that the challenge under 3742A3 is reviewed for, I guess for to give a better word, substantive or unreasonableness? It would be reviewed for unreasonableness. I'm not sure that the court has to make a distinction between substantive or procedural unreasonableness because it's still an abuse of discretion standard. Reasonableness is, I don't think that Booker distinguished between substantive, certainly in identifying errors, distinguished between substantive and procedural unreasonableness. But in terms of the standard of review, I think Booker simply says the standard is whether it was unreasonable, whether there was an abuse of discretion. We'd further submit that even under 3742... What do you do with Dillon? Dillon, at least read in the most extreme form, seems to remove all Booker considerations from this realm. I would agree with the court only in its most extreme form, but I think you have to read for the claims that the defendant had before the court in Dillon. And the defendant in Dillon wanted to be sentenced below the amended guideline range. He wanted essentially a plenary re-sentencing. And the only thing that Dillon said was that this is not a plenary re-sentencing. Booker doesn't apply to allow complete re-sentencings in the context of Section 3582. Booker did not carve out or create a... reinstitute a mandatory regime in 3582 sections. It's true that it recognized that the policy statement flowing from Section 3582 in Section 1B1.10 of the guidelines requires a court to not reduce the sentence lower than the amended didn't take any steps to replace the standard of review that Booker clearly established for... Well, the standard of review wasn't an issue, right? I mean, Dillon spoke very broadly. Standard of review was not an issue, and jurisdiction was not an issue. So, I don't think Dillon speaks to jurisdiction at all. It's solely concerned with whether this is... the defendant can have a complete re-sentencing under Section 3582, and the answer is no. It leaves undisturbed the standard of review for all sentencings established by Booker. And, in fact, this court has recognized that standard of review in a case... United States v. Dorsley that I apologize I found last night, but there's an irons footnote in there, and I've shared it with counsel, but in United States v. Dorsley, in footnote 4, the court said that Section 3742A1 provides us with jurisdiction to review any sentence for reasonableness, conflicts with circuit precedent, it has been considered and separately approved by the full court. It cited Hazel, right? Because Hazel was the inconsistent precedent. Hazel was the inconsistent precedent, but I believe that the rationale of Hazel is a rationale adopted by courts who have viewed Dillon with this very narrow view, and a very narrow view with regard to jurisdiction for sentencing appeals. And review under 3742 of sentencing appeals, in terms of the standard of review that Booker set up, is not narrow. It is very broad, and I think all Dorsley is doing is recognizing that. So it would be inconsistent to not find jurisdiction here. I realize I'm only talking about 3742A1, but... Your lead argument was 1291 should be the basis of jurisdiction, right? 1291, yes. Right. Yes. You'll take anything. Either way. In your brief, the lead argument. On the merits, if we get to the merits, our standard of review of substantive reasonableness is deferential to begin with, and it seems in this context that would be even underscored by the word may in the statute. Well, I'd respectfully disagree that the may has a greater significance in terms of the discretion the court should afford. But in any event, it's quite deferential, our review. Absolutely. And we've said that repeatedly. And here, Judge Lamberth said we're talking about the most dangerous drug gang in the history of the city, some of the top drug kingpins in the country. He analyzed the facts of the case or at least the significance of the gang activity in this case and made a decision. Other district judges might have come to a different decision, but how can we upset that discretionary determination given our standard of review? Well, I'll take the most prominent problem with what Judge Lamberth did is his reliance on restitution as a basis for denying the sentence reduction. Well, he was looking at the effect on victims, and that has to be, you would acknowledge, considering the effect of the criminal activity on victims is an appropriate thing to consider. Yes. That would be appropriate but not under restitution. Right. And he was very clear. That's a labeling problem, right? He used a word that was not well chosen. I can only take the court at its word. I apologize. But if he didn't use the label A7 but just talked about the effect on victims and we're talking about a gang that was making, I guess, a million dollars a week and supplying large swaths of the city with cocaine in the 1980s, that's appropriate to take that into account, isn't it? Absolutely. The facts of the case are always appropriate to take into account. But labels do matter. And he didn't just mention restitution offhandedly. He discussed what the defendants did and the debt that they owed to the harm that they had caused, how they needed to make the victims whole based on the harm that they had caused. And that's classic restitution. It's not, I mislabeled something. He's thinking in terms of restitution. These defendants need to make the community whole again. And that's improper. It's improper to use restitution as the reason for imprisonment. Did he link that to his denial of demotion in the sense that, basically, they won't have fulfilled their restitution obligations unless they do the entirety of the sentence that I originally imposed? I don't think he said it like that. But that's certainly the flavor of what he said. He didn't suggest that they would ever fulfill their restitution obligations. But he made clear that they owed the victims of violence. And I'd just like to say something. I know that he referred to violence several times, but he did not cite any facts supporting violence. I understand that through a series of inferences, all drug crimes can relate back to violence. But there are not facts in the PSR that relate Mr. Butler to any violence. There are facts that allege that Mr. Jones was an enforcer and did things that were suggested violent acts by him. Whatever happened to the Cain and Curry murders, do you know? That was the question raised in the sentencing transcript. I never found anything. Because someone walked up to them and just shot them in the car and killed them, right? And that was never charged. He's not serving a sentence for that. I know that. But I was unable to. And Butler was in California, right? Yes. Involved with the Crips gang out there and getting the drugs from Columbia. I'm generalizing, and I understand you would want to go into the specifics, but generalizing, he's in L.A., and he's the one obtaining it from Columbia. He's considered a broker, but there's no allegation. Even the gun that he received an enhancement under the guidelines for was in an apartment here in Washington, D.C. Even Judge Ritchie said it was the conspiracy's gun. You could foresee that there would be a gun, but there's no allegation that Butler ever even had a gun. You don't have to have a gun to be responsible for it. I understand. I'm only talking about the district court conclusion that these two were responsible for violence without any citation to facts or victims or the violence that they caused in the context of talking about how they needed to make the victims of their violence whole again. There's just no factual basis for that. Why don't we give you a couple minutes to rebuttal unless you were about to make—is that okay? Do you have one more point you wanted to make? No, I'll make a rebuttal. Okay, thank you. Good morning, Your Honors. My name is Nick Coleman, and I represent the United States in this case. I'd like to begin by addressing the jurisdictional issue first. It is the government's position that it is 3742A that governs jurisdiction of appeals of these kinds of sentencing decisions, a sentencing reduction decision. But it's not a sentence. And that's a provision for review of sentences, and the Supreme Court made clear, Dillon, this is not a sentence. So why wouldn't we do 1291 just kind of simpler? I think the Sixth Circuit in Bowers addressed that question and did point out that you could look at the 3582C2 decision as one of two things. You could narrowly focus on the order, the denial of the—an order denying the motion. But I think they persuasively state that the real subject of the defendant's appeal is not the narrow decision but the fact that his sentence has been left unaltered. And, of course, that determination itself has to be governed, according to 3582C2, by the 3553A factors, by the Sentencing Commission's policy statements. In other words, all bodies of law that were created by the Sentencing Reform Act, which also created the appellate standard that was supposed to govern these decisions. I think one thing that should be noted, however, is that even—appellants have not cited any cases dealing with sentences under Section 1291 that would have permitted the kind of substantive reasonableness review that they allege should be imposed here. My understanding is that in the circuits that view these under 1291, that's exactly what they do. Well, I think actually what's happened is that almost all of those cases, Your Honor, came well after even Booker. And they didn't actually cite to cases from the pre-1984 era that dealt with how 1291 permitted sentencing appeals because it's simply not the case. It seems to me they took the view that the SRA and Booker radically changed the whole sentencing environment, and that has got to be the conclusion we have to draw from Dorseley. I think it is absolutely the case, Your Honor, that first the SRA— It completely knocks out A for purposes of a standard review of a sentence. Right, of an initial sentence, but that's because—I mean, Booker, yes, changed an initial sentence, but that's because it had to deal with the Sixth Amendment problem of the mandatory guidelines and of judges making findings. But it didn't have to knock out Section A, and it didn't purport to. Right. It didn't. I mean, Dorseley extended Booker's opinion substantially beyond anything that the Sixth Amendment required. See, I don't—I guess I don't read Dorseley as doing that, Your Honor. I think that what Dorseley did was simply do what it thought Booker required, which is that in the context of a sentencing that the old standards— in other words, of an initial sentencing and the decision whether to depart had to be governed by a new status. Dorseley was initial sentencing. Right. Under your view, if I understand it correctly, which is a very strong reading of Dillon, this Court would have to reexamine Dorseley. I think it has to reexamine whether Dorseley applies in the 3582C2 context, because I think the problem is that if Dorseley— Why not in the initial sentencing context? Well, because Dillon didn't deal with the initial sentencing. It dealt with the 3582C2 determination. But counsel, what is the government's—I'm trying to make sure I understand your argument. When there's an initial sentencing, okay, not a resentencing or modification, just the initial sentencing, you would agree that the appellate jurisdiction is based on 3742A? Yes, absolutely. Okay, so let's suppose there's an initial sentencing and the only issue that is raised is substantive unreasonableness of the sentence. That's the only thing. Which provision of 3742A is that being brought under? I believe what this Court has said in cases like Gard and Nellie, I think if I have my citation right there, is that essentially that gets worked into whether it was an error of law. In other words, that post-Booker, because that standard has to be changed such that it permits a substantively unreasonable sentence, initial sentence. So it's an A1. It is an A1 problem. That is how this Court and other courts have viewed appeals of initial sentences. The problem is that in Dillon, the Supreme Court said that is not a true resentencing or a full sentencing procedure for which we have a Sixth Amendment problem. And so the addition of substantive reasonableness review, which the Supreme Court felt was necessary to provide as part of its fix of the Sentencing Reform Act, is unnecessary. It's simply not necessary in the 3582C2 context the way that it was at an initial sentence. Do we even have to reach this issue given the argument that A3 applies? I think this Court does have to, because A3 is really a provision that deals with an initial sentencing, what happens when the guidelines are applied or there's a sentence that departs from it. I think the best clue to that is if you look at 3742E3, which was the standard of review that Congress thought was going to be applicable in an A3 question. It was de novo review, essentially, of whether or not you were going to give a sentence within the guidelines. I mean, the Supreme Court was pretty clear that that had to go in Booker in an initial sentencing. A3 is about initial sentences, and it's about the fact that Congress thought that the guidelines were going to be mandatory, except under very narrow circumstances. That's not the case in the 3582C2 determination. The whole thing's about initial sentences, which is why it's an ill fit for this circumstance, it seems to me. This whole thing is a triple bank shot to try to do it under 3742, and it just seems like 1291 is the simple way to go. It's not a perfect fit, but I think 1291 is also not a great fit either because you're talking about applying a pre-SRA statute to an SRA fit. I assume I don't agree with that part of your argument. 1291 is a simple fit, and then you apply the statute, which is very discretionary, and all the deferential standards we've applied to review of sentences would obviously kick in here, too. I think part of the problem is, though, you'd have to look to how 1291 was applied to sentences before the SRA. If you look at this court's decision in Lemon and Gorzinski. It's a final order under 3582, which says May after considering the 3553A factors, and we just review the district court's decision of applying the 3553A factors, which is discretionary given the May, and it's an abuse of discretion, and you're going to win 999 times out of 1,000 on that, undoubtedly. You're still talking about a sentence, though, and I think the Supreme Court, before the SRA was passed in cases like Gorzinski, was very clear. 1291 did not apply plenary review of every question that a defendant could raise about a sentence. It was pretty narrowly circumscribed. Why do you think the circuits that have chosen to apply 1291 in this context have jumped to the form of reasonableness review? They've done so, I think, Your Honor, because it's never really been an issue and it's never been pressed. What did 1291 actually do? And I think there's a Second Circuit case from 1989 cited in Appellant's supplemental brief, which is U.S. v. Colon, which they quote as saying, the only sensible view of Section 3742A1, bear in mind, this is talking about this provision shortly after it's been enacted, is that it was largely intended to ensure that the appellate review previously available for claims that a sentence was in excess of the statutory maximum was based on impermissible considerations or was the result of some other demonstrable error of law remained available but not review for unreasonableness. 1291 didn't do what post-Booker... 1291's not the substantive standard, though. That's just the vehicle by which you get here. Again, though, the Supreme Court was pretty clear. 1291, with respect to a sentence, was not a statute that permitted every kind of appeal. There was not jurisdiction for every kind of appeal. And in particular, the kind of narrow abuse of discretion review, which appellants would like to have applied here, substantive unreasonable... Is this the government's position around the country, by the way, on this issue? Or are you aware of that? Our position is that the best view is that 3582C2 determinations should be reviewed under 3742A. Right. But in the manner that the Sixth Circuit has described. And that's the position around the country? That is our position. Now, again, this is not an issue... Our position might be just your office. Is that the position around the country? It is the department's position. Okay. Since when? I'm sorry. Since when? Since last week? Without delving too much into it, what I can say is this. It is certainly because this question, as you can see from our initial brief, which we have to confess didn't address this question at all. I think many offices have been proceeding under just the assumption, everybody seems to be reviewing this under one statute or the other, so all of these claims must be before the court. Obviously, this court asked us to answer the question. We have looked at it. We have consulted. And this is the department's answer to the question this court posed in terms of whether this court has jurisdiction. And this would take away all the review that's been happening in most circuits, though, of these kinds of questions. Of 3582C2. Certainly a lot of claims, yes, but not all of them. I mean, we do agree with the talents that... The substantive reasonableness claims. Yes. Substantive reasonableness claims are not permitted. We do agree with the talents that there's a much narrower claim about the restitution as to whether that was an error of law. In other words, if Judge Lamberth imposed a restitution requirement, which he then compounded the error by substituting prison for that, that's a legal claim that would be cognizable. On the merits, just a minute, if I could. The government did not contest the reduction in the district court. So obviously the government made a judgment of some kind that the sentencing reduction was appropriate for these defendants. And now you're arguing the opposite. Well, we did not oppose it, but we have always recognized that the discretion, the actual decision lies with the district judge. And we believe that the question presented here, we are defending the fact that the judge was entitled to make this determination. He did not err under any standard, whichever one is opposed. He did not err in such a way that his determination was unlawful and must be redone. You know, that, again, you know, it's not the government's call ultimately as to whether a defendant gets a 3582C. Well, but usually you're going to oppose in many cases. It was unusual. The district judge found it unusual that the government was not opposed. That's a policy determination that can be made from defendant to defendant. But I think, again, I mean, this, I think, is a good time to sort of note, I think, in terms of all of these claims about substantive unreasonableness, you know, as this court held in Gardinelli, you know, the 3553A factors, which is what a judge has to apply, you know, they're vague, open-ended, and conflicting. And different district courts may have distinct sentencing philosophies and can come to different decisions. That's also going to be true at times between district judges and the government. You know, we certainly did not take an affirmative position before the district court that these reductions must be given. We simply did not oppose these requests. We don't think it would have been certainly not an abuse of discretion to grant them, but it was also not an abuse of discretion to deny them for the reasons that Judge Lambert gave in his lengthy and well-reasoned opinion. If I could address- If one translates the restitution talk into something slightly different. I do think that at most it's a labeling problem because all of the things, I disagree with appellants who claim that those considerations were somehow unsupported or illegitimate. One could think of them as under sort of the broad term of restitution making, you know, but you could also think of it as retribution. In other words, just punishment as 3553A talks about. Just punishment for the crime. But if it's termed as what you just said, paying your debt to society. I mean, if you ask the lay person on the street, they would say that that means, you know, well, you did your time, so you paid your debt to society. You know, you paid whatever was owed by however many years or months you served in jail or prison. And so if you look at it that way, wasn't a fair reading of what he was saying is that, you know, in order to pay your debt back to society, you need to do the whole amount at a time. I think many people would view it that way. Yes, Your Honor. I think that's correct, and I don't think that that consideration, however you want to label it, whether you label it as restitution within the meaning of A7, or you think of it in terms of, you know, more like the factors under A2, it's perfectly legitimate. It was not an unlawful consideration. It's legitimate under A7? I mean, how has that argument ever been endorsed, or how is that proper under the statute? I'm sorry. How is that proper under the statute in A7? We think the Ninth Circuit adequately addressed this question in Wrangell when it said that, look, a judge can take into account when fashioning the sentence of imprisonment the harm that was caused to victims, which may never be made whole by any monetary means. And we think that that translates pretty well to what Judge Lamberth was saying, was that, you know, the kind of drug dealing that was engaged in here where hundreds of kilos are being brought in, shipment by shipment, for millions and millions of dollars and then being dealt essentially in an open-air drug market, that that created essentially incalculable harm. I mean, he used that term, I think, to show that he's not talking about restitution orders, which try to actually tally up a number. He's talking about the impact on people, actual people in the community, and that that needs to go into the decision as to whether to grant a sentence, a reduction under 3582C2, and that was not an illegitimate consideration. Even if you thought that it was somehow slightly mislabeled, it's pretty clear, A, that it was a permissible consideration under at least one of the 3553A factors, and B, that Judge Lamberth thought it was important enough that regardless of how he labeled it, he was not going to come to a different decision even if he were told, hey, you have to consider that under a different part of subsection A. I see my time has expired. Do you know whatever happened to the murders of Greg Kane and Ron Curry? That was one thing reading the record to me, I was wondering whatever happened to them. In terms of the murders, my understanding is that the charges against these particular defendants were dropped, and so Mr. Jones was not charged. The government dismissed the charges. Was anyone ever charged with those murders? I don't know the answer to that question, Your Honor. I'm sorry. I don't know. I hear it, yes, apparently someone was. But, again, I don't have a great deal of information on that particular case. Okay. If there are no further questions, we respectfully submit that the judgment of the district court should be affirmed. Thank you. Affirmed or that we should dismiss it for lack of jurisdiction? Either way, Your Honor. Thank you. We don't take issue with the fact that the district judge has discretion, but that discretion under Dillon is limited within a certain range. But even within that range, under Dillon and under 1B1.10 and 3582, the district judge still has to consider the 3553 factors. And where the district court has considered an impermissible factor or a factor, failed to consider a factor that it must, there's an error there. And that's all we're saying. We know with restitution there was an error. And while harm is something that all courts can consider, I still submit that there is not a factual basis for the type of, the degree of harm that the court was attributing to the defendants in this case. Ultimately. Well, the district judge said that the organization enabled drug use and addiction on a scale that up until that point was unprecedented and largely unimaginable in this city. And is that a proper thing for the district court to have looked at? Put aside the label. Was that sentence a proper sentence? That would be something proper for a district court to look at, except there's nothing in the record that the district court cites and nothing that I found from which the district court could draw that conclusion. Could we, in general, draw conclusions that drugs are bad and drug dealing is bad? It was the scale. This was the biggest. That's what the district court said. I don't know what the basis for that is. There's no basis in the record for that extreme conclusion. I know that I have, I know, if you want my own anecdotal view, no, it was not. It may have seemed very important and big at the time, but in hindsight, now that we, as we look backwards. Well, he says that he does say that Kevin Gray's organization might have been worse, the district judge says. I would agree, and I don't think it's close. I mean, Kevin Gray's organization had 31 more murders. There's no murder charged in this conspiracy. I understand, or I shouldn't say charged. I will focus only on these two defendants. Right. Neither one is certainly not Melvin Butler. There's not even an allegation that Melvin Butler committed an act of violence. So, a lot of the conclusions, and I'm not disputing that. He doesn't claim that there was the violence that the district judge said. Importing and distributing illegal drugs on that scale has an immense and devastating impact, and these quantities can cripple neighborhoods, destabilize cities. The victims may be unknown and diffuse, but they are real. All of that could be true, and I understand that district courts can draw those inferences, but what Booker did was individualized sentencing. So, for the district court to draw those conclusions, not based in facts or based on the PSRs or based on the record in this case, was improper. Separate aside from using those conclusions to justify the restitution that the defendants owed in this case, the more legal question as opposed to the more factual question, the factual question is, was there evidence that their conspiracy actually I don't want to belabor it, but what the district court did was say these two individuals were high-level players in an organization that was making a million dollars a week in distributing cocaine throughout D.C. and causing, I think, what the district court characterized as harm. The individualized consideration was their roles in this organization. Then it was connected to what did this organization do, and then that was connected to what harm was caused by all the drugs that were distributed in the 1980s by this organization. That seems like this is a written opinion at some length by the district court. I understand all that. I just give you an alternate view that this could have been a transfer point. We know that all the district court has cited in terms of the record and facts is that there were a big quantity of drugs. The district court doesn't cite any victim, any addict, any raised community. I understand those are logical inferences from drug dealing, but again, Booker requires individualized sentencing. It requires those facts to- You're taking individualized to an extraordinary length. You seem to want identification of individual victims, losers, as a result of that. But surely it's never been that. Ideally, yes, but that's not what I'm saying here, that there would have to be. What I'm saying here is that there is none. The PSR does not make these claims. The PSR does not contain facts that would support these claims. These are inferences and assumptions. They were originally sentenced by Judge Ritchie to life, each of them, right? That's correct, but each sentence was also reduced by Judge Ritchie. That's another issue. It brings up another issue that Booker was concerned that district judges should have this discretion because they sat through trial and got to know the defendants and understood the dynamics of the crime. This is a judge that did not. I think this court should look at these conclusions that are not based on specific facts, whether they're victims' names or victims in general or allegations of actual acts committed by the defendants. It should look at those conclusions with a little more scrutiny than if the district judge had sat on this case or there was any indication that the district judge had read the trial transcripts to better understand this case. At the end of it all, the district court committed legal errors and factual errors to include in its calculus of whether to deny this sentence something that was improper. And we know restitution was improper. And how that weighed against other factors is impossible to determine. That's why we're asking for a remand. There's some judgment calls that, on their face, will inevitably lead to an unreasonable sentence. The government would like to put me in this box, but I'm asking this court to find that a sentence of this amount is substantively unreasonable. No, I'm saying there are some impermissible factors that, once considered, lead to a substantively unreasonable sentence. This court doesn't have to say the sentence was too long. That is not our argument. I hope I made that clear. Yes. Yes. Thank you very much to both sides for the well-argued case, and thank you in particular for the supplemental briefs, which were very helpful from both sides. The case is submitted.
judges: Kavanaugh, Wilkins, Williams